**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL H. WRIGHT,<br><br>                              Plaintiff,<br><br>     v.<br><br>LAS VEGAS METRO POLICE, et al.,<br><br>                              Defendants. | 3:20-cv-00558-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Daniel H. Wright's ("Wright"), application to proceed *in forma pauperis* (ECF Nos. 1, 4)[2] and his *pro se* civil rights complaint (ECF No. 5). For the reasons stated below, the court recommends that Wright's *in forma pauperis* applications (ECF Nos. 1, 4) be granted, and his complaint (ECF No. 5) be dismissed with prejudice.

I.   *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   Wright filed two applications to proceed *in forma pauperis* (ECF Nos. 1, 4).

1

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the applications to proceed IFP reveals Wright cannot pay the filing fee; therefore, the court recommends that the applications (ECF Nos. 1, 4) be granted.

## II.  SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

1  claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
2  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3        The Court must accept as true the allegations, construe the pleadings in the light
4  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*
5  *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints
6  are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*
7  *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

8        A complaint must contain more than a "formulaic recitation of the elements of a cause
9  of actions," it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
11 must contain something more. . . than. . . a statement of facts that merely creates a suspicion
12 [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a
13 minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible
14 on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15       A dismissal should not be without leave to amend unless it is clear from the face of
16 the complaint the action is frivolous and could not be amended to state a federal claim, or
17 the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,
18 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19 **III.   SCREENING OF COMPLAINT**

20       In his complaint, Wright sues Defendants Las Vegas Metro Police Department, Clark
21 County Detention Center ("CCDC"),[3] and Clark County Public Defender's Office under 42
22 U.S.C. § 1983. (*See* ECF No. 5.) Wright alleges the following: From March 24, 2018 through

---

[3]   **Error! Main Document Only.**"The CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).

September 2018, Wright was incarcerated at the CCDC. (*Id.* at 4.) Within 72 hours of being in custody, a reviewing judge released Wright on house arrest, however, it appears Wright was not released like the Court ordered. (*Id.* at 4-5.) Wright further states that while he was receiving proper medical attention, he was constantly offered unprescribed "psych" medication, no fresh air or sunlight for 30 days, and he suffered from a burning chest, head pain, and tightening of the lungs. (*Id.* at 5.) Wright seeks an unspecified amount of money, an apology, and "dismissal" (presumably of the charges for which he was incarcerated). (*Id.*)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or

duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, it appears that Wright is challenging the legality of his incarceration, specifically his detainment in the CCDC for a period of five months despite his assertion that a judge ordered him to be released on house arrest. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action. Additionally, the court notes that Wright has not made any allegations against any named Defendants. Accordingly, the court recommends that Wright's complaint be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1107.

**IV.     CONCLUSION**

For the reasons articulated above, the court recommends that Wright's applications to proceed *in forma pauperis* (ECF No. 1, 4) be granted, and his complaint (ECF No. 5) be dismissed with prejudice.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Wright's applications to proceed *in forma pauperis* (ECF No. 1, 4) be **GRANTED**; and,

**IT IS FURTHER RECOMMENDED** that Wright's complaint (ECF No. 5) be **DISMISSED WITH PREJUDICE**.

**DATED:** December 9, 2020     .

_____
**UNITED STATES MAGISTRATE JUDGE**